UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

LEROY ORIAKHI,

                Plaintiff,

- against -

NASSAU COUNTY JAIL, ET AL,

                Defendants.

------------------------------------X

**MEMORANDUM AND ORDER**

04-CV-4201 (SJF)(ETB)

**Feuerstein**, District Judge:

On September 22, 2004, plaintiff Leroy Oriakhi (plaintiff) commenced this action pursuant to 42 U.S.C. § 1983. On February 23, 2005, this Court denied plaintiff's prior application for the appointment of counsel. Presently before the Court is plaintiff's motion to reconsider his application for the appointment of counsel. For the reasons set forth below, the motion is denied.

I.    DISCUSSION

Motions for reconsideration or re-argument in this district are governed by Local Civil Rule 6.3, which requires, *inter alia*, that a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked" be served within ten (10) days after the entry of the court's order determining the original motion. The requirements of Local Rule 6.3 are strictly construed. See, U.S. v. Gross, No. 98 CR 0159, 2002 WL 32096592,

1

at * 3 (E.D.N.Y. Dec. 5, 2002); PAB Aviation, Inc. v. U.S., No. 98 CV 5952, 2000 WL 1240196, at * 1 (E.D.N.Y. Aug. 24, 2000).

A.   Timeliness of Motion

The prior order was dated February 23, 2005 and was entered March 4, 2005. Accordingly, any motion for reconsideration or re-argument must have been served by March 14, 2005 pursuant to Local Rule 6.3. Since plaintiff's motion was not served until March 30, 2005, it is untimely and is, therefore, denied.

B.   New Arguments

Even if timely, plaintiff's motion would be denied. In determining a motion for reconsideration, the court should consider (1) whether there has been an intervening change of controlling law; (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a need to correct a clear error or prevent manifest injustice. Gross, 2002 WL 32096592, at * 3. A party may not use a motion to reconsider as an opportunity to reargue the same points previously raised; to advance new arguments, which are deemed waived; or to introduce new evidence that should have been advanced on the previous motion or which could have been discovered in the exercise of due diligence. Gross, 2002 WL 32096592, at * 4; PAB Aviation, 2000 WL 1240196, at * 1. The purpose of a motion to reconsider is to allow the court to correct its own mistake, by calling to its attention a factual matter or a controlling precedent previously advanced by the parties, but overlooked by the court. PAB Aviation, 2000 WL 1240186, at * 1; Construction Industry Services Corp. v. Hanover Ins.

Co., 206 F.R.D. 43, 54 (E.D.N.Y. 2002). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. Gross, 2002 WL 32096592, at * 4.

Plaintiff states, *inter alia*, that he is a college student on financial aid, that he lives with his parents, that he has a part-time job, and that he pays monthly child support for one child. He further claims that he relies "on the assistance of others who are not professionally trained attorneys to file and prepare his legal documents * * *." (Plaintiff's Motion to Reconsider, ¶ 8). Plaintiff does not present any new evidence that was not before this Court on the prior application, nor does he identify any factual matter or controlling precedent purportedly overlooked by this Court on the prior application. Accordingly, plaintiff's motion for reconsideration is denied.

III. CONCLUSION

Plaintiff's motion for reconsideration of the February 23, 2005 order is denied.

**SO ORDERED.**

_____
Sandra J. Feuerstein, U.S.D.J.

Dated: Central Islip, New York
April 15, 2005